JOHN R. HABASHY, State Bar No. 236708
CASEY E. MITCHNICK, State Bar No. 298550
LEXICON LAW, PC.
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107
Email: john@lexiconlaw.com

Attorneys for Plaintiff John Thomson

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN THOMSON, an individual<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation d/b/a HOME DEPOT CREDIT SERVICES; THE HOME DEPOT, INC., a Delaware corporation d/b/a HOME DEPOT CREDIT SERVICES; CITIBANK, NATIONAL ASSOCIATION; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:18-cv-02233<br><br>**COMPLAINT FOR:**<br><br>1. Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.<br>2. Violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq*.<br><br>DEMAND FOR JURY TRIAL |

## **I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq*. (hereafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff first obtained a credit card account with Defendant Home Depot in 2000. The account was issued by Defendant Citibank. During the course of seventeen (17) years, Plaintiff continued to use the credit card issued by Defendants. Plaintiff paid off the total balance of the account at the end of each billing cycle without exception, and all charges were made in Los Angeles County. In October 2017, fraudulent charges appeared on Plaintiff's monthly statement. Plaintiff immediately apprised Defendants, who concluded that the charges were fraudulent. Notwithstanding Defendants' investigations, Defendants continued to attempt to collect the fraudulent charges made to Plaintiff's accounts and threatened to refer the accounts to a collection agency.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. VENUE

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district.

5. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

## IV. PARTIES

6. Plaintiff, John Thomson, is, and was at all times mentioned herein was, over the age of 18 and a resident of Los Angeles County, California. He is domiciled in and is a citizen of California. Plaintiff is a natural person, as the term is used in 15 U.S.C. § 1692 *et seq*.

7. Plaintiff is a person from whom a debt collector sought to collect a

consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Home Depot U.S.A., Inc. is a Delaware corporation doing business in California within the jurisdiction of this Court.

9. Defendant The Home Depot, Inc. is a Delaware corporation doing business in California within the jurisdiction of this Court.

10. Defendant Citibank National Association is a corporation that provides banking and lending services. On information and belief, Plaintiff alleges that it is headquartered in Sioux Falls, South Dakota.

11. The true names and capacities of Does 1 through 10 are currently unknown to plaintiffs who allege that Does 1 through 10 are responsible in some manner for the injuries sustained by all plaintiffs as hereinafter alleged. Plaintiffs request leave to file amendments to this complaint alleging the true names and capacities of DOES 1 through 10 when the same have been ascertained.

12. The defendants identified in paragraphs 8 through 11 above shall hereinafter be collectively referred to as "Defendants."

13. On information and belief, Plaintiff alleges that Defendants Home Depot U.S.A., Inc., The Home Depot, Inc. and Does 1 through 5, inclusive, are collectively doing business as Home Depot Credit Services, and are hereinafter referred to as "Home Depot Credit Services."

14. Defendant Home Depot Credit Services is engaged in, by the use of mail and telephone calls, the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5). Defendant Home Depot Credit Services regularly attempts to collect debts alleged to be due by another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15. Defendant Citibank, National Association and Does 6 through 10, inclusive are hereinafter referred to as "Citibank."

16. Defendant, Citibank, is engaged in, by the use of mail and telephone

3

calls, the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. § 1692a(5). Defendant Citibank regularly attempts to collect debts alleged to be due by another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

18. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

19. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## V. FACTUAL ALLEGATIONS

20. At various times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants have continued to contact Plaintiff to attempt to collect an alleged outstanding debt that they knew was fraudulent.

21. During 2000, Plaintiff opened up a credit card account with Defendants. The account number assigned to the credit card ended in 5718.

22. Prior to fraudulent charges being reflected on Plaintiff's account statement, Plaintiff paid the entire balance of the account every month.

23. Each of the charges made on the account ending 5718 by Plaintiff were charged in the County of Los Angeles.

24. On or about October 2017, Plaintiff received a billing statement for the account ending in 5718. Plaintiff identified that *all* of the alleged charges during the billing cycle were fraudulent.

25. After receipt of the billing statement containing solely fraudulent charges, Plaintiff contacted Defendants and explained that all the charges reflected on the statement were fraudulent. After discussing the fraudulent charges with a representative for Defendant Home Depot Credit Services, Plaintiff's call was transferred to Defendant Citibank's fraud department.

26. When Plaintiff explained to Defendant Citibank that the charges reflected in the October billing statement were fraudulent, Plaintiff was instructed to complete an identity theft tool kit containing an affidavit of fraud. During the same telephone call, Plaintiff was informed that his current credit card would be canceled and that a new card would be sent to him. Defendant Citibank provided Plaintiff with a case number: 10702196.

27. Later the same month, Plaintiff received a telephone call from Defendant Citibank. The representative asked whether Plaintiff had received the new credit card for the newly assigned account number ending 4216. Despite not yet receiving the card, Plaintiff was informed that charges had already been made to the account. Plaintiff informed Defendant Citibank that these charges were also fraudulent, and instructed Defendant Citibank to cancel the credit card and not to send another.

28. Plaintiff never received or used the credit card associated to the account ending 4216.

29. After being informed that the fraudulent charges were made outside of Los Angeles County, Plaintiff informed Defendants that he never made charges to his accounts outside the County of Los Angeles.

30. Plaintiff completed the affidavit of fraud and sent copies to Defendants. The affidavit was notarized and listed every charge made on accounts 5718 and 4216 on or after October 1, 2017.

31. Although Defendants explained that it was unnecessary, Plaintiff completed a police report regarding the fraudulent charges with the Torrance police department. Plaintiff's case was assigned a report number: 170056440. Plaintiff included information regarding the police report in the completed affidavit of fraud sent to Defendants.

32. From November 2017 through January 2018, Defendants continued to contact Plaintiff and request minimum payments towards the accounts despite being informed that the entire balance was from fraudulent charges.

33. From November 2017 through January 2018, Plaintiff was contacted by Defendants via telephone calls and mail correspondences requesting payment towards the fraudulent charges.

34. On or about January 16, 2018, Plaintiff received a written correspondence from Defendant Home Depot Credit Services informing him that after completing its investigation, it was determined that the charges made to the accounts beginning October 2017 were fraudulent.

35. On or about January 17, 2018, Plaintiff received an email correspondence from Defendant Citibank affirming that Plaintiff had been the victim of identity theft.

36. After January 17, 2018, Defendants knew that each of the charges made to Plaintiffs accounts on and after October 1, 2017 were fraudulent, however they continued to attempt to collect the alleged balance.

37. On or about January 22, 2018, Plaintiff was informed by Defendants that the alleged balance on the account ending in 4216 was $1,854.08.

38. On or about February 8, 2018, Plaintiff received a written correspondence from Defendants that the account ending in 4216 was three months past due, and that the account was at risk of referral to a collection agency.

39. On or about February 23, 2018, Defendants sent Plaintiff a written correspondence by mail informing him that the account ending in 4216 was past due, and that the purpose of the communication was an attempt to collect the alleged balance of the account.

40. Despite Defendants' own investigations concluding that all of the charges made on or subsequent to October 1, 2017 on Plaintiff's accounts were fraudulent, Defendants continue to attempt collect the balance of the accounts.

## VI. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692**
**(Against All Defendants)**

41. Plaintiff re-alleges each and every allegation above as if fully set forth in this Cause of Action.

42. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

43. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in that he is a natural person obligated or allegedly obligated to pay a "debt".

44. Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

45. The purported debt which defendants attempted to collect from plaintiff

is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to enforce a security interest related to plaintiff's obligation or alleged obligation to pay money to Defendants arising out of credit card transactions at a home improvement store was primarily for personal, family or household purposes.

46. Defendants violated 15 U.S.C. § 1692e(2)(A) by using false and deceptive means to collect the balance of Plaintiff's account by conveying false representations of the character, amount, or legal status of Plaintiff's accounts with Defendants that were subject to fraud.

47. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means by sending Plaintiff written correspondences seeking minimum payments on Plaintiff's accounts when Defendants knew that each of the charges were fraudulent.

48. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged balance of Plaintiff's accounts when Defendants knew that the charges were fraudulent.

49. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means by placing telephone calls to Plaintiff to request payment on the fraudulent charges made to Plaintiff's accounts.

50. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged balance of Plaintiff's accounts by informing Plaintiff that the accounts subject to fraud were at risk of being referred to a collection agency.

51. Defendants violated 15 U.S.C. § 1692f(1) by using unfair practices and attempting to collect the balance of the fraudulent charges made to Plaintiff's accounts when Defendants knew that the amounts were not authorized by Plaintiff and there was no agreement to pay the fraudulent charges.

52. As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has been damaged in amounts which are subject to proof.

53. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

54. Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

55. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**SECOND CAUSE OF ACTION**
**Violations of the California Rosenthal Fair Debt Collection Practices Act (RFDCPA) – Civ. Code § 1788, et seq.**
**(Against All Defendants)**

52. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth at length herein.

53. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

54. Defendants are "debtors" within the meaning of Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq., and more specifically Civil Code § 1788.2(h) in that Plaintiffs are natural persons from whom Defendants sought to collect a "consumer debt" (i.e., money, property or their equivalent) alleged to be due and owing.

55. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

56. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a home loan. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

57. These alleged obligations of Plaintiff were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

58. Defendants violated the Rosenthal Act (Cal. Civ. Code §1788 et seq.), in that they violated the FDCPA as described herein.

59. Defendants, after completing independent investigations that concluded the charges made to Plaintiffs account after October 2017 were fraudulent, continued to attempt to collect the alleged debt, and threatened to refer the account to a collection agency.

60. Defendants violated 15 U.S.C. § 1692e(2)(A) by using false and deceptive means to collect the balance of Plaintiff's account by conveying false representations of the character, amount, or legal status of Plaintiff's accounts with Defendants that were subject to fraud. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

61. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means by sending Plaintiff written correspondences seeking minimum payments on Plaintiff's accounts when Defendants knew that each of the charges were fraudulent. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

62. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged balance of Plaintiff's accounts when Defendants knew that the charges were fraudulent. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

63. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means by placing telephone calls to Plaintiff to request payment on the fraudulent charges made to Plaintiff's accounts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

64. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged balance of Plaintiff's accounts by informing Plaintiff that the accounts subject to fraud were at risk of being referred to a collection agency. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

65. Defendants violated 15 U.S.C. § 1692f(1) by using unfair practices and attempting to collect the balance of the fraudulent charges made to Plaintiff's accounts when Defendants knew that the amounts were not authorized by Plaintiff and there was no agreement to pay the fraudulent charges. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

66. Defendant Speedy Cash violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect Plaintiff's alleged debt by attempting to collect various interest rates applied towards the loan. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant Speedy Cash also violated Cal. Civ. Code § 1788.17.

67. As a proximate result of Defendants' violations of the Rosenthal Act, Plaintiff has been damaged in amount that is subject to proof.

68. Plaintiff is entitled to recover her actual damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

69. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative. Civil Code § 1788.30(b).

70. Plaintiff is entitled to recover her attorney's fees and costs pursuant to California Civil Code § 1788, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

71. Defendants' misconduct has caused Plaintiffs to suffer actual damages including without limitation, severe emotional distress such as anxiety, worry, mental and emotional distress, loss of sleep, severe headaches, humiliation and embarrassment.

72. As a proximate result of Defendants' violations of the Rosenthal Act, Plaintiff is entitled to actual and statutory damages, reasonable attorneys' fees and costs and such other relief as the court may deem proper. Moreover, Defendant knew that they were engaged in misconduct, and their misconduct was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff and against Defendant on all claims;
2. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1), according to proof;
3. For actual damages pursuant to Civil Code § 1788.30(a), according to proof;
4. For statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), according to proof, but not less than $100.00 for violations of FDCPA;
5. For statutory damages pursuant to Civil Code § 1788.30(b), according to

proof, but not less than $100.00 for violations of RFDCPA;

    6.    For any award to Plaintiffs of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c);

    7.    For all other relief at law or in equity that Plaintiff is entitled to by law that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: March 16, 2018        Respectfully submitted,

By: */s/ John R. Habashy*
JOHN R. HABASHY
Attorney for Plaintiff
John Thomson